# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 02-5007-CR-SW-RED |
| | ) |
| JULIO SANCHEZ-VILLAGRAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now pending before the Court is Julio Sanchez-Villagran's (hereinafter "Movant") *pro se* Motion to Correct an Illegal Sentence Pursuant to 18 U.S.C. §§ 3582(c)(B)(2) and/or 3742 (a)(1)(2)(3) (Doc. 38) and the Government's Response to Movant's Motion to Correct an Illegal Sentence (Doc. 40)[1]. Essentially, Movant argues that the Court incorrectly calculated his sentence and incorrectly applied the $100 special assessments against him in case 02-5007-CR-SW-RED.

Here, a review of the record indicates that Movant plead guilty, and was sentenced in three separate criminal cases: *United States v. Sanchez-Villagran*, 02-5007-CR-SW-RED; *United States v. Sanchez-Villagran*, 02-5008-3-CR-SW-RED; and *United States v. Sanchez-Villagran*, 03-5020-CR-SW-RED. Movant argues that he was sentenced to 120 months under 21 U.S.C. §§ 841(a)(1) and (b)(1)(a) for possession with intent to distribute at least fifty (50) grams or more of methamphetamine in case 02-5007-CR-SW-RED. Movant argues that the sentence of 120 months is incorrect because in case 02-5007-CR-SW-RED, Movant plead guilty to three counts for possession with intent to distribute methamphetamine, none of which carried a sentencing range of 120 months. Indeed, the record indicates that Movant was sentenced to thirty-three (33) months for distribution of a mixture or substance containing methamphetamine on counts one, two, and three,

---

[1] Previously the Government had filed a Motion for Extension of Time (Doc. 39) in which to file a response to Movant's Motion. The Motion for Extension of Time (Doc. 39) is hereby **GRANTED** so that the Court may consider the Government's response with respect to this Order.

respectively in case 02-5007-CR-SW-RED, with the sentences to run concurrently with each other and the sentences in case 02-5008-3-CR-SW-RED and 03-5020-CR-SW-RED. However, the record indicates that Movant plead guilty to the charge of possession with intent to distribute at least fifty (50) grams or more of methamphetamine, and received the statutory minimum under 21 U.S.C. § (b)(1)(a)(viii), in case 03-5020-CR-SW-RED. Therefore, although Movant is correct that the sentences imposed on Movant in counts one, two, and three in case 02-5007-CR-SW-RED do not carry a sentencing range of 120 months, Movant fails to take into consideration his sentence of 120 months in case 03-5020-CR-SW-RED, which is to run concurrent with Movant's sentences on counts one, two and three in case 02-5007-CR-SW-RED. To the extent that Movant's Motion seeks relief in case 03-5020-CR-SW-RED or case 02-5008-3-CR-SW-RED, the Court finds such requests to be inappropriately raised in a motion filed in case 02-5007-CR-SW-RED and such requested relief will not be considered by the Court.

Upon review of the pleadings, the Court finds that Movant's Motion is due to be **DENIED.** Most, if not all of Movant's requested relief appears to be procedurally barred. For instance, Movant's Motion under 18 U.S.C. § 3742(a) concerns appeals by criminal defendants of their sentence. The record shows no appeal filed by Movant in this case 02-5007-CR-SW-RED. Further, to the extent that Movant styles this Motion in the form of an appeal, the Court finds Movant's Motion to be time barred, as it was not filed within ten (10) days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A).

It is also noted that Movant signed a Plea Agreement in case 02-5007-CR-SW-RED waiving "his right to appeal or collaterally attack by post-conviction motion any sentencing issue . . . which have been addressed and agreed upon in this Plea Agreement." Movant's Plea Agreement (Doc. 24) clearly stated the specific sentencing guideline provision, U.S.S.G. §2D1.1(a)(3), that was applicable to Movant's offense of conviction in counts one, two, three and the statue, 18 U.S.C. § 924(c)(1)(A)(I), that applied to Movant's conviction under count four. A review of the record indicates that Movant's guideline range was calculated correctly with respect to counts one, two and three, and that he received the statutory minimum sentence of

Case 3:02-cr-05007-RED   Document 41   Filed 03/13/06   Page 2 of 4

five years or sixty (60) months with respect to count four. Thus, because the Plea Agreement specifically stated the mandatory sentence for count four and sentencing range for counts one, two and three under which Movant was sentenced, Movant is procedurally barred from challenging the sentences he received in case 02-5007-CR-SW-RED because he voluntarily exposed himself to the sentence imposed. *See* Fed. R. Crim. P. 11(c)(1)(C); *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.")

Additionally, "it is well settled [that] a collateral challenge to a federal conviction or sentence *must* generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C. §] 2255." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (emphasis added). Movant has filed motions pursuant to 18 U.S.C. §§ 3582(c)(B)(2) and 3742(a) rather that 28 U.S.C. § 2255 which are not proper procedures for the relief requested by Movant. This may have been intended on Movant's part since the time period for filing under § 2255 has expired. Movant requests leniency from this Court in considering this motion, however, it is not a § 2255 motion and even if it was considered to be a § 2255 motion it would be time barred.

Finally, Movant alleges that the Court erred in imposing a $100 dollar special assessment pursuant to 18 U.S.C. § 3013 on each count to which Movant plead guilty in case 02-5007-CR-SW-RED. Movant cites *Ray v. United States*, 481 U.S. 736 (1987), for the proposition that "if the Court imposed a USCS § 3013 assessment on each Count, the Defendant is not serving concurrent sentences." However, this exact statement never appears in *Ray,* and the Supreme Court's questioning of the special assessments in that case was made after the Court determined that the court of appeals had incorrectly applied the concurrent sentence doctrine to the facts of the case at bar. *Id.* at 736-37. No such determination has been made in this case. Moreover, the plain language of 18 U.S.C. § 3013 clearly requires the District Court to assess a special assessment of $100 for each felony count upon which a person is convicted. 18 U.S.C. § 3013(a)(2)(A). The Court also finds that Movant's Plea Agreement explicitly stated that Movant understood and agreed that there would be a $100 mandatory special assessment on each of counts one, two, three and four of the indictment. Therefore,

-3-

Case 3:02-cr-05007-RED   Document 41   Filed 03/13/06   Page 3 of 4

there is no support for Movant's claim that the special assessments pursuant to § 3013 were improperly assessed against him or somehow work to invalidate his sentence.

Therefore, for all the reasons stated herein, it is hereby:

ORDERED that Movant's Motion to Correct an Illegal Sentence Pursuant to 18 U.S.C §§ 3582(c)(B)(2) and/or 3742 (a)(1)(2)(3) (Doc. 38) be **DENIED**. It is further

ORDERED that a copy of this order be sent via first class, postage prepaid mail to:

> Julio Sanchez-Villagran
> Reg. No. 15411-045
> FCI Elkton
> P.O. Box-10
> Lisbon, Ohio 44432

**IT IS SO ORDERED.**

DATE: March 13, 2006         */s/ Richard E. Dorr*
                             RICHARD E. DORR, JUDGE
                             UNITED STATES DISTRICT COURT